UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN EMMANUEL FERRON,<br>A# 015-214-221 | CIVIL ACTION |
| VERSUS | NO. 14-691 |
| ERIC H. HOLDER,<br>U.S. ATTORNEY GENERAL | SECTION C(1) |

## ORDER AND REASONS

This matter comes to the court on defendants' Motion to Dismiss or in the Alternative for Summary Judgment. Rec. Doc. 24. Plaintiff has filed no formal opposition. Rather, he has filed contradictory cross-motions to either obtain a final decision on his petition or be allowed to withdraw it. Rec. Docs. 26, 27. Having considered the record, the law, and the submissions by both parties, the court will GRANT the defendants' motion as follows, dismissing the complaint in its entirety WITHOUT PREJUDICE. The court does not reach defendants' summary judgment arguments or plaintiff's cross-motions.

## BACKGROUND

Plaintiff John Emmanuel Ferron is a native and citizen of Jamaica, currently being held in immigration detention in Gadsden, Alabama. Rec. Doc. 24-4. At some point prior to November 26, 1973, he entered into the United States without inspection. *Id.* at 2. On November 26, an Immigration Judge ordered Ferron to voluntarily depart the United States by December 26, 1973. *Id.* Ferron failed to do so and was deported on March 12, 1974. *Id.* However, Ferron's deportation did not result in him actually leaving the United States. Rec. Doc. 24-8 at 2. Instead, he enlisted in the U.S. Navy under the assumed identity of an actual U.S. citizen, Clyde Anthony Steele. *Id.* at 3; Rec. Doc. 24-4 at 2. He served under that name from December 18, 1974 until October 18, 1977 and was honorably discharged thereafter. *Id.*; Rec. Doc. 3 at 12. Ferron alleges that the real Clyde Steele

served in the Marine Corps and was later dishonorably discharged. Rec. Doc. 24-8 at 6.

Ferron alleges that he advised Veterans Affairs that he was not actually Clyde Steele after he was discharged and made only sparing use of the identity thereafter. Rec. Doc. 24-8 at 6. Nevertheless, it appears at some point that Steele, Ferron and Ferron's family were simultaneously using the Clyde Steele identity to claim Veterans Affairs benefits and/or Social Security. *See id.* On November 1, 2007 the Navy determined that Ferron had fraudulently enlisted under Steele's identity. Rec. Doc. 24-4 at 2. On December 5, 2007, the Department of Veterans Affairs determined that Ferron was not entitled to VA benefits of any kind due to his fraudulent enlistment. *Id.*

The United States prosecuted Ferron in the District of Alaska for Social Security fraud, identity theft, and aggravated identity theft. *Id.* On March 31, 2009, he pleaded guilty to multiple counts of each offense and was sentenced to 39 months of imprisonment with 4 years of supervised release. Rec. Docs. 24-5, 24-9.

On September 27, 2010, U.S. Immigration and Customs Enforcement (ICE) issued and served upon Ferron a Notice to Appear charging that he was removable based on his criminal convictions. Rec. Doc. 24-5. ICE filed the Notice to Appear in the Immigration Court in Elroy, Arizona, thereby commencing removal proceedings in that venue. *Id.* On March 3, 2011, Ferron filed an application for naturalization (N-400) based on his military service between 1974 and 1977 and simultaneously moved to terminate the removal proceedings against him until his naturalization application could be decided. Rec. Doc. 24-7. On June 3, 2011, the Immigration Judge sustained the charges of removability and ordered Ferron removed to Jamaica, rejecting Ferron's motion to terminate proceedings for lack of prima facie eligibility for naturalization. Rec. Doc. 24-7. The Board of Immigration Appeals agreed with the Immigration Judge, dismissing Ferron's appeal. *Id.*

Ferron appealed the Board's decision to the Ninth Circuit, which granted a stay of removal pending adjudication of the appeal. *Ferron v. Holder*, No. 12-70235 (9th Cir.). That appeal may or may not still be pending. Ferron also filed a 2255 motion, collaterally attacking his criminal conviction. *United States v. Ferron*, No. 07-CR-00142, 2012 WL 253172 (D. Alaska).

On June 25, 2013, USCIS denied Ferron's naturalization application. Rec. Doc. 24-10. Ferron submitted several motions to terminate in immigration courts in Oakdale, Louisiana; Elizabeth, New Jersey; Eloy, Arizona; and Atlanta, Georgia. Rec. Doc. 3 at 26. On December 17, 2013, an Immigration Judge in Oakdale, Louisiana denied Ferron's motion for custody redetermination. *Id.* at 19.

According to Ferron's most recent naturalization application, he has a wife and eight children living in the United States of America. Rec. Doc. 24-11. Ferron filed this complaint *pro se* on March 27, 2014 asking the court to recognize his entitlement to naturalization and/or U.S. citizenship for purposes of his ongoing removal proceedings. Rec. Doc. 3. He asks that the Court terminate the removal proceedings against him pursuant to 8 C.F.R. § 1239.2(f). *Id.* He urges that the adverse rulings on his previous motions to terminate have been unlawfully racially motivated. *Id.*

Ferron sought and obtained leave of this Court to name the Oakdale Immigration Judge and several more federal officials connected with his various immigration proceedings as defendants in this matter. Rec. Docs. 12, 15. Meanwhile, Ferron filed another naturalization application in March 31, 2014, which USCIS denied on June 18, 2014. Rec. Docs. 24-11, 24-12.

Soon after this denial, defendants filed their Motion to Dismiss and/or for Summary Judgment; Ferron filed for a final determination or in the alternative dismissal. Rec. Docs. 24, 26, 27.

**STANDARD OF REVIEW**

"A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court is free to weigh the evidence and resolve factual disputes. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction has the burden of proving that it exists. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

**ANALYSIS**

At the outset, the Court must join the Board of Immigration Appeals in noting that this is a very unfortunate situation. Ferron's family may suffer significant material and emotional hardships if he is removed from the United States. Further, insofar as Ferron did actually served this country honorably while impersonating Clyde Steele, that fact would seem to merit more consideration in this process than it has apparently received. However, as explained in the following analysis, this court has even less power to act in light of equitable and humanitarian considerations than the Board of Immigration Appeals or the Immigration Court before them.

8 C.F.R. 1239.2(f) provides:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors; in every other case, the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during any state of the proceedings.

Clearly this regulation provides no basis for the Court to grant a motion to terminate removal proceedings. Moreover, as defendants have correctly argued, the Illegal Immigration Reform and

Immigrant Responsibility Act of 1996 (IIRIRA) and the REAL ID Act of 2005 divest this court of jurisdiction to review any Immigration Judge's decision on any of the various motions to terminate that Ferron has filed up to this point. 8 U.S.C. § 1252(a)(2)(D), (a)(5), (b)(9), (g); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

Further, the Court lacks subject matter jurisdiction to consider the merits of Ferron's application for naturalization because Ferron has not demonstrated exhaustion of his administrative remedies under 8 U.S.C. §§ 1421(d) and 1447(a). When, as in this case, USCIS denies an application for naturalization, § 1447(a) allows the applicant to request a hearing with an immigration officer to review the denial. Pursuant to § 1421(d), district court review of applications for naturalization is only available after an immigration officer hearing has been conducted. The record does not allow the Court to conclude that Ferron has exhausted any of his applications by presenting them to an immigration officer for his or her review. Therefore, this Court lacks subject matter jurisdiction to review the determination by USCIS that Ferron is not eligible to naturalize. *See, e.g.*, *Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002).

Insofar as plaintiff claims for raced-based discrimination in the processing of his various motions to terminate removal, there can be no claim under § 1983 because defendants' conduct was not carried out under color of state law. To the extent that Ferron would sue under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) for a violation of his constitutional rights under color of federal law, the Court lacks subject matter jurisdiction to hear any claim against an agency of the United States government or an agent in his or her official capacity. *FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th 1997).

As for a damages claim against the defendants in their individual capacities based on

discriminatory denial of Ferron's motions to terminate, dismissal is compelled by 8 U.S.C. § 1252(g), which excludes "any claim arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien" from the Court's subject matter jurisdiction. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999) (holding that 8 U.S.C. § 1252(g) divests courts of subject matter jurisdiction to consider selective-enforcement claims related to removal orders).[1]

Accordingly,

IT IS ORDERED that defendants' Motion to Dismiss or in the alternative for Summary Judgment is GRANTED. Rec. Doc. 24. Judgment dismissing the complaint without prejudice as to all claims and parties shall enter accordingly.

New Orleans, Louisiana, this 13th day of August 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Even assuming the court had jurisdiction to hear this claim, all defendants would be entitled to absolute immunity, owing to the adjudicative nature of the process for determining Ferron's removability and right to terminate proceedings. *Butz v. Economou*, 438 U.S. 478, 512-15 (1978). Plaintiff thus fails to state any *Bivens* claim upon which relief can be granted, and dismissal would be warranted under Rule 12(b)(6) in any case.